**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**SHAWN WOODWARD, #00-A-6563,**

      **Plaintiff,**

 **v.**

           **16-CV-1023**

**Correctional Officer HOLTZMAN, et al.,**

      **Defendants.**
_____

  CHRISTOPHER L. BOYD, an attorney admitted to practice before this Court, declares under penalty of perjury that the following is true and correct, in accordance with 28 U.S.C. § 1746:

  1.  I am an Assistant Attorney General, of counsel to Eric T. Schneiderman, Attorney General of the State of New York, attorney for Defendants.

  2.  Plaintiff filed his First Request for Production of Documents on June 26, 2017 (ECF No. 15).

  3.  Defendants sought an extension of time to respond (ECF No. 16), which was granted by the Court (ECF No. 17.)

  4.  Defendants filed Responses and Objections to Plaintiff's First Request for Production on August 9, 2017 (ECF No. 18), and produced responsive documents (ECF No. 18-1.)

  5.  On August 23, 2017, Defendants received a letter from Plaintiff regarding Defendants' Responses to Plaintiff's First Request for Production.  A copy of Plaintiff's August 23, 2017 letter is attached hereto as Exhibit A.

6.      On August 28, 2017, Defendants received a letter from Plaintiff regarding Request No. 8 of Plaintiff's First Request for Production.  A copy of Plaintiff's August 28, 2017 letter is attached hereto as Exhibit B.

7.      On August 25, 2017, Defendants responded to Plaintiff's August 23, 2017 letter and stated that Defendants "look forward to attempting to amicably resolve any outstanding discovery disputes once you have provided the clarifying information requested in this letter."  A copy of Defendants' August 25, 2017 letter is attached hereto as Exhibit C.

8.      On August 29, 2017, Defendants responded to Plaintiff's August 28, 2017 letter. A copy of Defendants' August 29, 2017 letter is attached hereto as Exhibit D.

9.      On August 28, 2017, Plaintiff filed a Second Request for Production of Documents (ECF No. 20).

10.     On September 22, 2017, Defendants supplemented their response to Plaintiff's First Request for Production.  (ECF No. 22-1.)

11.     Defendants filed Responses and Objections to Plaintiff's Second Request for Production on September 29, 2017 (ECF No. 23), and produced responsive documents (ECF No. 23-1.)

12.     Plaintiff did not respond to Defendants' letters of August 25 and August 29, 2017, which requested clarification from Plaintiff in order to resolve any potential discovery disputes.

13.     Plaintiff did not respond to Defendants after they supplemented their response to Plaintiff's First Request for Production.

14.     Plaintiff never sent Defendants **any correspondence** concerning deficiencies in Defendants' response to Plaintiff's Second Request for Production.

15.     Defendants sent Plaintiff a letter on January 19, 2018, noting that Plaintiff had failed to timely respond to Defendants' Interrogatories and Requests for Admission (ECF Nos. 29-30).  A copy of the January 19, 2018 letter is attached as Exhibit E.

16.     Defendants received Plaintiff's responses to Defendants' Interrogatories and Requests for Admission on January 22, 2018.  A date stamped copy showing the date these documents were received is attached as Exhibit F.

17.     After reviewing Plaintiff's responses, on January 23, 2018, Defendants sent Plaintiff a letter identifying deficiencies in his responses to Defendants' Interrogatories and Requests for Admission.  A copy of the January 23, 2018 letter is attached to Exhibit G.

18.     On January 29, 2018 Plaintiff filed a Motion to Compel (ECF No. 44) concerning First and Second Requests for Production.

19.     On January 29, 2018, Plaintiff filed Joint Motions for a Protective Order and for a Second Amendment to the Scheduling Order (ECF No. 45.)

20.     A Second Amended Scheduling Order was issued on January 29, 2018 (ECF No. 43) in response to Defendants' motion seeking an extension of time for Defendants to move to compel.  (ECF No. 39.)

21.     Plaintiff responded to Defendants' January letters by letter dated February 7, 2018 (ECF No. 47.)

22.     Plaintiff's Motion to Compel and Joint Motions do not include a notice of motion, are not supported by an affidavit or declaration, or by a memorandum of law.

23.     Plaintiff's Motion to Compel does not detail the times and places of the parties' meetings or discussions concerning the discovery dispute at issue, nor does it attach any related correspondence.

24.     Plaintiff's Motion to Compel does not include a certification that Plaintiff has in good faith conferred or attempted to confer with Defendants concerning Defendants' purported discovery deficiencies.

Dated:  February 21, 2018
        Buffalo, NY

_____*Christopher L. Boyd*_____
Christopher L. Boyd