UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHAWN WOODWARD,
                              Plaintiff,

        v.

CORRECTIONAL OFFICER HOLTZMAN,
SERGEANT E. RICE,
CORRECTIONAL OFFICER R.E. DONLEY,
MOFFIT,
SERGEANT J.S. COGOVAN,

                              Defendants.
_____

**DECISION
and
ORDER**

**16-CV-1023A(F)**

APPEARANCES:            SHAWN WOODWARD, *Pro Se*
                        00-A-6563
                        Lakeview Shock Incarceration Correctional Facility
                        Box T
                        Brocton, New York 14716

                        BARBARA D. UNDERWOOD
                        New York State Attorney General
                        Attorney for the Defendants
                        CHRISTOPHER L. BOYD,
                        Assistant Attorney General, of Counsel
                        Main Place Tower
                        350 Main Street, Suite 300
                        Buffalo, New York 14202


        In this § 1983 action alleging violations of Plaintiff's First Amendment rights

based on Defendants Holtzman, Rice, Donley and Cogovan's retaliation against

Plaintiff, including Holtzman's refusal to grant Plaintiff a bottom bunk and unfairly

placing Plaintiff in the Orleans SHU immediately following Plaintiff's positive urine test

for illegal drug (marijuana) use by Rice, Donley and Cogovan, and Plaintiff's Fourteenth

Amendment Due Process rights based on Defendant Moffit's refusal to call witnesses

as Plaintiff requested at Plaintiff's disciplinary hearing, Defendants, by papers filed

February 21, 2018 (Dkt. 49) move, pursuant to Fed.R.Civ.P. 37(b)(2)(A)(ii), (iii), (v),

(failure to comply with court orders)  and (d)(3) (failure to provide answers to

interrogatories) ("Rule 37 __") based on Plaintiff's failure to provide timely and complete

responses to Defendants' (1) Request for Production, served October 5, 2017 (Dkt. 27),

Dkt. 49-1 at 15, (2) Plaintiff's failure to provide sufficient answers to Defendants'

Interrogatories, served November 13, 2017 (Dkt. 29) ("Defendants Interrogatories") and

(3) Plaintiff's failure to provide sufficient answers to Defendants' Requests for Admission

pursuant to Fed.R.Civ.P. 36(a)(6) ("Rule 36(a)(6)") (collectively "Defendants' motion"),

served November 13, 2017 (Dkt. 30) ("Defendants Requests for Admissions").

Plaintiff's Response to Defendants' First Set of Interrogatories were filed January 22,

2018 (Dkt. 40) ("Plaintiff's Initial Answers").  Specifically, Defendants request that based

on Plaintiff's failure to provide proper responses to Defendants' discovery requests at

issue on Defendants' motion, which are directly relevant to Plaintiff's First Amendment

claims alleging Defendants' retaliations against Plaintiff as punishment for Plaintiff's

prior grievances and complaints against Defendants Holtzman, Rice, Donley and

Cogovan, Plaintiff's claims should be dismissed pursuant to Rule 37(b)(2)(A)(v) or

Plaintiff should be precluded from offering evidence in support of Plaintiff's retaliation

claims as a sanction pursuant to Rule 37(b)(2)(A)(ii), Dkt. 49-1 at 2, 4, and award

Defendants' reasonable expenses, including attorneys fees or a monetary sanction

commensurate with Plaintiff's financial status as an incarcerated person.  Dkt. 49-1 at

16.  Alternatively, Defendants requests Plaintiff be directed to respond fully to

Defendants' discovery requests at issue on Defendants' motion.  Dkt. 49 at 1.

In opposition, by papers filed March 26, 2018, Plaintiff contends that as regards

Plaintiff's alleged failure to provide a sufficient response to Defendants' Requests for Production served October 5, 2017 (Dkt. 27), Plaintiff had verbally advised Defendants on the record at Plaintiff's deposition in November 2017 that the only responsive documents in Plaintiff's possession were those furnished to Plaintiff by Defendants, Dkt. 56 ¶ 58, and that as such it was not necessary that Plaintiff respond to Defendants' Requests for Production in writing. Plaintiff also represented Plaintiff would provide a supplemental response in the event Plaintiff should gain possession of additional responsive documents, *id.* ¶ 64,[1] and that Plaintiff's failure to respond in writing to Defendants' Requests within the 30-day period required by Fed.R.Civ.P. 34(a)(1)(A) ("Rule 34(a)(1)(A)") was therefore substantially justified precluding any sanctions against Plaintiff pursuant to Rule 37(b)(1)(A) as Defendants' motion requests. As regards Plaintiff's failure to sufficiently answer Defendants' Interrogatories, Plaintiff asserts Plaintiff has filed on March 26, 2018 amended and verified answers, *see* Dkt. 55, which are sufficient and respond directly to Defendants' contention that Plaintiff's Initial Answers were not verified as required by Fed.R.Civ.P. 33(b)(3). Dkt. 49-1 at 10. Plaintiff further asserts that any insufficiency in Plaintiff's Initial Answers resulted from Defendants' intentional destruction of Plaintiff's legal documents which, if then available to Plaintiff, would have enabled Plaintiff to provide more complete answers as well as Plaintiff's honest failure of memory regarding the subjects of Defendants' interrogatories such as Plaintiff's prior illegal drug use. Dkt. 56 ¶ 45. Accordingly, Plaintiff's submits that these factors as well as Plaintiff's reasonable belief that relevant caselaw supported Plaintiff's sufficiency of his answers, *id.*, show Plaintiff's alleged failure to provide more

---

[1] Plaintiff states (Dkt.56 ¶ 64) Plaintiff has also filed an affidavit as to this effect; however, a review of the docket reveals no such affidavit was filed by Plaintiff.

detailed answers, as Defendants contend, was substantially justified and therefore do not warrant sanctions under Rule 37(b)(2)(A) as Defendants request. *See* Dkt. 49-1 at 9 (contending Plaintiff was then required by a court order, specifically the court's Text Order (Dkt. 36) granting Plaintiff's motion (Dkt. 34) to extend time to respond to Defendants' Interrogatories and Requests to Admit to January 15, 2018) and stating Plaintiff's answers were then due). However, sanctions pursuant to Rule 37(b)(2) are limited to a party's failure to comply with a court "order to provide . . . discovery." Here the Text Order only provided an extension of the 30-day period required by Rule 34(a)(1)(A) for Plaintiff's answers to be served (and in this *pro se* case, filed pursuant to Local R.Civ.P. 52(f)), and as such is not in itself an order specifically directing Plaintiff to provide sufficient answers to Defendants' Interrogatories pursuant to Rule 37(b)(2)(A)(iii) and Rule 37(d)(1)(A)(ii). The court accordingly considers Defendants' motion on this issue to be pursuant to Fed.R.Civ.P. 37(a)(1), *i.e.*, one seeking to compel "disclosure or discovery," particularly "answers" to interrogatories pursuant to Rule 37(a)(3)(B)(iii) (motion to compel permitted where "a party fails to answer an interrogatory submitted under Rule 33") and document production pursuant to Fed.R.Civ.P. 34(a)(1). Regarding Defendants' Requests for Admission, Defendants assert Plaintiff failed to provide sufficient answers to Defendants' Requests for Admission Nos. 6, 11, 18, 21, and 22 served November 13, 2017, *see* Dkt. 30, to which Plaintiff initially responded on January 22, 2018 (Dkt. 40), and provided amended answers by letter to Defendants dated February 7, 2018 (Dkt. 47) ("Plaintiff's Feb. 7, 2018 Letter"); however, in Defendants' Reply filed April 30, 2018 (Dkt. 60) ("Defendants' Reply"), Defendants maintain Plaintiff's supplemental responses provided by Plaintiff's

Feb. 7, 2018 Letter are also deficient.  *See* Dkt. 60 at 5.  Plaintiff opposed Defendants'

motion regarding Plaintiff' failure to provide sufficient answers to Defendants' Requests

for Admission by papers filed March 26, 2018 (Dkt. 56 at 12-15).  Oral argument was

deemed unnecessary.

(1)     Defendants' Requests for Production.

        Defendants contend that Plaintiff should be sanctioned or required to respond in

writing to Defendants' Requests for Production which was served on October 5, 2017

(Dkt. 27).  Pursuant to Fed.R.Civ.P. 34(b)(2)(A), (B), (C) ("Rule 34(b)(2)__"), the

responding party's written response to each requested item is to be served within 30

days, including any objections which shall state the basis of the objection.  *See Land*

*Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229, 235 (W.D.N.Y. 1998) (Rule

34 requires responding party to provide written responses within 30 days).  Plaintiff's

opposition is based on Plaintiff providing Defendants with a verbal statement to

Defendants at Plaintiff's November 14, 2018 deposition (Dkt. 32), nine days after

Plaintiff's written response, in accordance with Rule 34(b)(2)(A), was due, that Plaintiff

has no responsive documents to provide to Defendants other than those provided by

Defendants.  Plaintiff in opposition to Defendants' motion stated that Plaintiff, in his

affidavit, had submitted to Defendants in Plaintiff's affidavit Plaintiff had no responsive

documents; however, as noted the document does not indicate such affidavit was filed,

*supra*, at 3, n. 1.  Plaintiff's Feb. 7, 2018 Letter (Dkt. 47) does, however, include a

statement to this effect.  Dkt. 47 at 1 ¶ 4.  Defendants nevertheless contend Plaintiff's

representation as stated in Plaintiff's Feb. 7, 2018 Letter does not constitute compliance

with Rule 34(b)(2)(A) and insist Plaintiff strictly comply with Rule 34(b)(2)(A) & (B) to

prevent the possibility that Plaintiff may attempt to disrupt orderly summary judgment motion practice and any potential trial by attempting to interpose documents not previously produced by Plaintiff and scrutinized by Defendants.  Defendants' motion thus seeks to foreclose that possibility.

The purpose of liberal pre-trial discovery in federal civil litigation is to narrow issues, facilitate expeditious litigation, and avoid surprise.  *Trueman v. New York State Canal Corp.*, 2010 WL 681341, at *2 (N.D.N.Y. Feb. 24, 2010) (citing JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 3303 (3d ed. 2009)).  Document production pursuant to Rule 34 is among the important discovery devices available to accomplish these salutary objectives.  *See Republic of Turkey v. Christie's, Inc.*, __ F.R.D. __, 2018 WL 3970905, at *4 (S.D.N.Y. Aug. 20, 2018) (depositions and requests for production of documents are among the discovery devices to be used to obtain information regarding the disputed issues).  Further, under the structure and wording of Rule 34 there is a clear distinction between serving the required written response to a valid request for production and the actual production required by Rule 34(b)(2)(B).  *See Metro Opera Ass'n v. Local 100, Hotel Emples. & Rest. Emples. Int'l Union*, 2004 WL 1943099, at *5 n. 11 (S.D.N.Y. Aug. 27, 2014) (". . . there is a difference between producing documents in response to Rule 34 request <u>and</u> <u>serving</u> <u>a</u> <u>written</u> <u>response</u> to a Rule 34 request.") (underlining added).  *See Richard v. Dignean*, 2017 WL 3083916, at *2 (W.D.N.Y. July 20, 2017) (granting plaintiff's motion to compel and ordering defendant to provide "formal written response to the requests, which should identify the documents that respond to each request").  Based on the record, the court finds Plaintiff offers no persuasive excuse for Plaintiff's failure to comply with Rule 34(b)(2)(A) & (B) in

responding to Defendants' Document Requests.  Plaintiff's response that in the event

that Plaintiff should obtain documents in the future, upon disclosing them to Defendants,

Dkt. 56 ¶ 64 ("[I]f Plaintiff shall come by any documents that he may wish to use in this

action" Plaintiff will "produce [such] . . . document(s) immediately"), Plaintiff may use

such documents in opposition, represents an incorrect understanding of the law

regarding pretrial discovery.  A party's failure to provide discovery, including document

production, pursuant to Rule 34(a)(1) in accordance with the court's pretrial scheduling

order pursuant to Fed.R.Civ.P. 16(b), does not permit a party to make use of documents

belatedly produced outside the time limits established by such order.  *See cf., G&E Real

Estate, Inc. v. Avison Young-Washington, D.C., LLC*, 323 F.R.D. 67, 70-71 (D.D.C.

2017) (observing plaintiff's belated disclosure of requested documents, after discovery

had closed, could result in preclusion as sanction, but because plaintiff showed good

cause under Rule 16 for the belated disclosure, discovery would be reopened,

rendering the belated disclosure harmless).  Discovery has been on-going in this case

since June 26, 2017 when Plaintiff served on Defendants Plaintiff's Request for

Document Production (Dkt. 15).  Contemporaneous with this Decision and Order, the

court has denied Plaintiff's motion to compel discovery.  Discovery concluded on

January 15, 2018 (Dkt. 37 ¶ 2).  Should Plaintiff attempt to later inject previously

undisclosed documents in the case, such would be unduly disruptive and prejudicial to

Defendants and the court.  However, rather than impose more severe sanctions for

Plaintiff's failure to comply with Rule 34(b)(2)(B), *see Land Ocean Logistics, Inc.*, 181

F.R.D. at 235 (preclusion of evidence is harsh sanction served for exceptional cases)

the court GRANTS Defendants' motion with respect to this issue and directs Plaintiff to

serve <u>within</u> <u>14 days</u> of this Decision and Order a written response in accordance with Rule 34(b)(2)(B) & (C).

(2)     <u>Plaintiff's Interrogatory Answers</u>.

At issue on Defendants' motion are Plaintiff's answers to Defendants' Interrogatories Nos. 8-11 and 17-20.  Specifically, Defendants' Interrogatory No. 8 asked Plaintiff to state all the instances of Plaintiff's prior illegal drug use and the circumstances of such use including the identity of any person present and the type and quantity of the illegal drug used by Plaintiff (Dkt. 49-1 at 7).  In Plaintiff's answer served January 22, 2017, Plaintiff objected because, according to Plaintiff, the Interrogatory assumes Plaintiff had used such drugs in the absence of "proof that Plaintiff has ever used drugs." *Id.* (referencing Dkt. 41 at 2).  Defendants' Interrogatory No. 9 requested Plaintiff to provide details such as dates regarding testing of Plaintiff for use of illegal drugs while incarcerated including the results. (Dkt. 49-1 at 7).  Plaintiff objected stating that Plaintiff presently lacked "the information . . . [needed] to make a correct answer."[2] *Id.* (referencing Dkt. 41 at 2).  Defendants' Interrogatory No. 10 required Plaintiff to provide specifics with regard to "all grievances" Plaintiff filed against Defendants.  For Plaintiff's answer, Plaintiff objected on the ground that the subject of this interrogatory was discussed during Plaintiff' deposition on November 14, 2017, and accused Defendant Cogovan of deliberately "mishandle[ing]" Plaintiff's legal papers.  Dkt. 49-1 at 9 (referencing Dkt. 41 at 3).  Defendants' Interrogatory No. 11 asked Plaintiff to provide details with regard to letters of complaint Plaintiff filed against Defendants.  Dkt. 49-1 at 8.  Plaintiff objected on the same grounds as Plaintiff asserted with respect to

---

[2]   Unless indicated otherwise all bracketed material added.

Interrogatory No. 10, *i.e.*, that this question was also discussed with Defendants at Plaintiff's deposition (*Id.* at 9). Similar objections to Defendants' Interrogatories were reiterated by Plaintiff in Plaintiff's Feb. 7, 2018 Letter. *See* Dkt. 47. Defendants' Interrogatory No. 17 requested Plaintiff to state "all actions that each Defendant took that you [Plaintiff] allege were retaliatory and state the date and time of each such action." Defendant's Interrogatory No. 18 asked Plaintiff to "[i]dentify the protected speech that preceded each retaliatory act listed in response to Interrogatory No. 17, specify the date and time of each such instance of protected speech and describe the content of such speech." Defendants' Interrogatory No. 19 asked Plaintiff to "[i]dentify all facts that support your claims that Defendants were aware of the protected speech you identified in response to Interrogatory No. 18 and state the date and time when you believe each Defendant became aware of such speech." Defendants' Interrogatory No. 20 asked Plaintiff to "[i]dentify all facts that you believe establish a causal nexus between the retaliatory acts and protected speech listed in response to Interrogatories Nos. 17 and 18." In response, Dkt. 49-1 at 4-5, to each of Defendants' Interrogatories directed to this issue, Interrogatories Nos. 17-20, Plaintiff answered "Objection. Plaintiff does not have enough information to formulate an answer." Dkt. 49-1 at 5 (referencing Dkt. 41 at 6).

Subsequently, on March 26, 2018, Plaintiff filed Plaintiff's Amended Responses to Interrogatory [*sic*] and Verification of Responses, Dkt. 55 ("Plaintiff's Amended Responses") on February 21, 2018, well-after the filing of Defendants' motion, in which amended responses Plaintiff provided, in sharp contrast to Plaintiff's initial answers, substantially detailed responses to Defendant's Interrogatories Nos. 8-11 and 17-20.

*See* Dkt. 55 at 7-17 ("Plaintiff's Amended Responses"). In Defendants' Reply, filed April 30, 2018 (Dkt. 60), Defendants do not attack Plaintiff's Amended Interrogatory Answers as deficient, rather, Defendants contend that by serving such amended answers, Plaintiff admits Plaintiff's Initial Answers to Defendants' Interrogatories at issue on Defendants' motion amounted to a material misrepresentation, *i.e.*, that Plaintiff lacked the information necessary to enable Plaintiff to answer, or that the objections Plaintiff interposed in opposition that Defendants' Interrogatories were based on statements of fact that were false or misleading when served by Plaintiff thereby warranting sanctions pursuant to Fed.R.Civ.P. 26(g)(3) ("Rule 26(g)(3)") and Rule 37. *See* Dkt. 60 at 3-5. Plaintiff has not requested leave to file a sur-reply to respond to Defendants' Reply and Defendants' request for sanctions pursuant to Rule 26(g)(3).

It is well-established that the sanction of dismissal may not be imposed absent prior notice that the responding party's failure to provide discovery for non-compliance with a valid discovery request or order may result in dismissal of the responding party's claim. *See Agiwal v. Mid Island Mort. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) ("[d]ismissal of *pro se* litigation may be appropriate 'so long as a warning has been given that non-compliance can result in dismissal.'") (quoting *Valentine v. Museum of Modern Art*, 29 F.2d 47, 50 (2d Cir. 1994)). It is basic also that *pro se* litigants are required to comply with the Federal Rules of Civil Procedures and the Local Rules of Civil Procedure, Local R.Civ.P 5.2(i), and that the usual tolerance for failures to comply with the rules does not extend to "unexcused failures to comply with routine discovery requests." *Interscope Records v. Barbosa*, 2007 WL 14332, at *2 (S.D.N.Y. Jan. 3, 2007) (citing *Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 5 (2d Cir. 1997)).

Here, Defendants point to the court's Scheduling Orders (Dkt. Nos. 14, 37, 43) as providing such notice. *See* Dkt. 49-1 at 10. However, these orders do not refer specifically to Plaintiff's possible failure to provide adequate answers to Defendants' Interrogatories and instead refer to Plaintiff's potential failure to "participate." Moreover, the Scheduling Order, which set new dates for Plaintiff's service of response to Defendant's Interrogatories, Dkt. 36, includes no similar warning. Accordingly, the court lacks a proper basis on which to grant Defendants' requested dismissal of Plaintiff's retaliation claims as a discovery sanction for Plaintiff's failure to provide timely and sufficient answers to Defendants' Interrogatories.

On the other hand, it is clear that Plaintiff has engaged in an unjustified 'run-a-round' in responding to Defendants' Interrogatories, as a cursory review of Plaintiff's Initial Answers to Defendants' Interrogatories Nos. 8-11 and Defendants' Interrogatories Nos. 17-20 amply demonstrates. For example, whereas Plaintiff's initial response to Interrogatory No. 9 included Plaintiff's assertion that "Plaintiff does not have the information available to make a correct answer" (Dkt. 49-1 at 7), Plaintiff's Amended Response, Dkt. 55 at 7, to Interrogatory No. 9 provided details regarding a positive urine test for illegal drugs on January 3, 2003, December 2009, June 19, 2012, June 2, 2015, and July 9, 2016. *See* Dkt. 55 at 7-8. Similarly, detailed facts were, also in sharp contrast to Plaintiff's Initial Answers, provided by Plaintiff in response to Defendants' Interrogatories 8, 10, 11, 17, 18, 19 and 20. *Id.* at 7-14. The record thus confirms that Plaintiff's Initial Answers can fairly be characterized as "deliberate noncompliance," *London v. SCP Communications, Inc.*, 177 F.R.D. 196, 200 (S.D.N.Y. 1998), which should not be condoned. As noted, however, because Plaintiff was not sufficiently

forewarned that such discovery misconduct could result in the sanction of dismissal, the court will not recommend[3] dismissal of Plaintiff's retaliation claims as Defendants request.  Further, the court notes that Defendants do not contend Plaintiff's Amended Responses are inadequate or request that the court order Plaintiff's Amended Responses be stricken as untimely; but Defendants do request dismissal as a sanction asserting Plaintiff's Initial Answers, signed by Plaintiff on January 13, 2018 (Dkt. 40 at 10), are at least evasive.  Dkt. 60 at 4 (citing Fed.R.Civ.P. 37(a)(4) ("evasive or incomplete disclosure, answers, or responses must be treated as a failure to disclosure, answer, or respond"), and *Arista Records LLC v. Usenet.com*, 633 F.Supp.2d 124, 141 (S.D.N.Y. 2009) (directing striking of affirmative defense as sanction for providing, *inter alia*, evasive or false answers to plaintiff's interrogatories)).  As, however, the court finds Plaintiff was not sufficiently warned that Plaintiff's failure to provide discovery may result in dismissal, the court does not recommend dismissal as a sanction as Defendants request.  Alternatively, Defendants contend (Dkt. 60 at 4-5) that under Fed.R.Civ.P. 26(g)(1)(B)(ii), by signing, even if not, as here, sworn to, Plaintiff's Initial Answers to Defendants' Interrogatories, Plaintiff certified such answers were "not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  It is now plainly apparent on this record that Plaintiff's Initial Answers unnecessarily resulted in Defendants' motion to compel, and related significant delay in the progress of the case, including the court's consideration of the merits of

---

[3]  Sanctions for discovery violations of a dispositive nature such as dismissal, absent consent pursuant to 28 U.S.C. § 636(c), require action by a district judge pursuant to 28 U.S.C. § 636(b)(1)(B).  *See Thurmond v. Bowman*, 199 F.Supp.3d 686, 689 (W.D.N.Y. 2016) (observing request for sanctions in the form of dispositive relief, such a dismissal of the lawsuit is subject to *de novo* review, citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)).

Defendants' motion.  As applicable, Fed.R.Civ.P. 26(g)(3) mandates that, unless substantially justified, a certification based on a party's signature to interrogatory answers which are proven to be false requires the court to impose "an appropriate sanction on the signer" which may include attorneys fees caused by the violation of this rule.  The court's choice of sanction is within the court's "sound discretion."  *Arista Records LLC*, 633 F.Supp.2d at 131 (citing caselaw). In addition to dismissal, *see Casilla v. New York State Dep't of Labor*, 2006 WL 3208546, at *5 (S.D.N.Y. Nov. 6, 2006) (dismissal of action where *pro se* plaintiff refused to provide, after warning of consequences, answers to defendant's deposition questions, courts impose monetary sanctions for a *pro se* plaintiff providing false and misleading answers to defendant's interrogatories), courts may impose a "monetary sanction" upon a *pro se* party who provides false or misleading interrogatory answers.  *See Barbosa*, 2007 WL 14332, at *3.  *See also Banco De Ponce v. Buxbaum*, 1995 WL 92324, at **11-12 (S.D.N.Y. Mar. 7, 1995) (imposing $2,000 penalty payable to injured party plaintiff resulting from defendant's untruthful responses to plaintiff's interrogatories as violative of Fed.R.Civ.P. 11 and 26(g)(2)).

Plaintiff's contention that Plaintiff's initial answers were substantially justified because Defendants interfered with Plaintiff's access to legal files making it difficult to provide complete answers and Plaintiff's "lack of memory" to avoid sanctions, *see* Dkt. 56 at 11 ¶ 45, is also unavailing.  The record is devoid of any evidence that Defendants obstructed Plaintiff's ability to accurately answer Defendants' Interrogatories in the first place and the relatively short interval between the filing of Plaintiff's Initial Answers on January 22, 2018, and Plaintiff's filing of Plaintiff's Amended Responses on March 26,

2018, establishes either Plaintiff's initial responses were purposively evasive and untrue when served or that Plaintiff experienced a surprisingly rapid recovery of Plaintiff's capacity to recall of responsive information in such a relatively short (approximately 60-day) period. On this record, the court chooses to find the former is the fact, one amply supported by common-sense understanding of the record. Thus, Plaintiff's failure to provide proper Initial Answers was not substantially justified and there is no indication why an award of sanctions would be otherwise unjust in these circumstances.

Courts consider several factors in imposing sanctions including the willfulness or reason for non-compliance, efficacy of lesser sanctions, duration of non-compliance, and notice to the non-compliant party of the possibility that sanctions may be awarded. *See S.E.C. v. Razmilovic*, 738 F.3d 14, 25 (2d Cir. 2013). Here, the most persuasive justification for sanctions is the evident falsity of Plaintiff's initial responses, a consideration underscored by the fact that Plaintiff's Amended Responses were filed shortly after Defendants' motion was filed February 21, 2018. Plaintiff's Initial Answers of manifestly dubious validity reasonably prompted Defendants' motion and, absent reasonable justification for such misleading responses, cannot be countenanced or overlooked by the court if future similar discovery misconduct, including by *pro se* parties like Plaintiff, is to be deterred. As to the period of non-compliance, here the relatively short, approximately 60-day period, does not outweigh the significance of Plaintiff's non-compliance as it is apparent that but for the threat of potential dismissal, one starkly communicated to Plaintiff by Defendants' robust motion seeking dismissal of Plaintiff's retaliation claims as a sanction, Plaintiff's Amended Answers would not have so readily materialized, if at all. Plaintiff was also warned in the court's three scheduling

orders (Dkts. 14, 37 and 43) prior to service of Plaintiff's initial answers that Plaintiff's

failure "to participate in good faith" in this litigation could be subject to sanctions

"including dismissal." While not specifically directed to discovery matters, these

admonitions certainly should have alerted Plaintiff that gamesmanship in the litigation of

this case, of the kind at issue on this phase of Defendants' motion, risked imposing

sanctions if not including dismissal itself. Thus, Plaintiff cannot persuasively argue that

Plaintiff was unfairly surprised at the possibility that Defendants would seek sanctions,

including of a monetary nature pursuant to Rule 26(g)(3), if Defendants' motion were

successful. Thus, the court is compelled to enforce the mandatory nature of the

sanction to be imposed for violation of Rule 26(g)(1)(B)(ii) & (g)(3). *See Novak v.*

*Wolpoff & Abramson LLP*, 536 F.3d 175, 178 (2d Cir. 2008) ("The use of the word 'shall'

certainly suggests that an award of expenses is mandatory," absent substantial

justification or other circumstances supporting the noncompliance).[4] Considering

Plaintiff's likely limited financial circumstances as an incarcerated person the court

declines, nevertheless, to award Defendants' reasonable attorneys fees incurred in

connection with Defendants' motion, *see* Fed.R.Civ.P. 37(a)(5)(A) (attorneys fees to be

granted to moving party where requested discovery provided after motion to compel is

filed), and instead finds that the appropriate sanction in this case is a penalty of $500 to

be paid by Plaintiff as partial reimbursement to Defendants' attorney, the New York

State Attorney General, for such expenses.[5] *See Interscope Records,* 2007 WL 14332,

---

[4] The amended Rule 26(g)(3) substitutes the word "must" for "shall," making the mandatory nature of the court's duty to impose sanctions under the rule even clearer.

[5] In this case, Defendants, as DOCCS employees, are granted representation by the New York Attorney General by N.Y. Public Officer Law § 17[2.](a) (McKinney 2017) and as such are also entitled to indemnification in connection with claims arising with the scope of their employment. *See also* N.Y. Exec. Law § 63[1.] (McKinney 2014) (Attorney General to defend all actions in which state is interested). Therefore, although Defendants do not personally incur any expenses including attorneys fees in

at *4 (awarding $200 in monetary sanctions as partial reimbursement for attorneys fees incurred by plaintiff).

(3)   <u>Plaintiff's Answers to Defendants' Requests for Admission</u>.

As noted, *supra*, at 2, Defendants also served, on November 13, 2017, pursuant to Fed.R.Civ.P. 36(a)(1) ("Rule 36(a)(1)"), 26 Requests for Admission (Dkt. 30), ("Defendants' Requests"); Plaintiff's Responses with objections were served January 22, 2018 (Dkt. 40) ("Plaintiff's Responses"). In Defendants' motion, Defendants maintain Plaintiff's Responses to Defendants' Requests Nos. 6, 11, 18, 21, and 22 were non-responsive. Dkt. 49-1 at 11-12. In particular, Defendants contend Plaintiff's objections to each of Defendants' Requests at issue are invalid and that, as a sanction, Plaintiff's Responses to the disputed Defendants' Requests should therefore be deemed admitted. Dkt. 49-1 at 12. Defendants note (Dkt. 60 at 5) that Plaintiff's Feb. 7, 2018 Letter (Dkt. 47) provided supplemental answers to Defendants' Requests Nos. 6, 11, 18, 21 and 22 ("Plaintiff's Supplemental Answers"). Dkt 49-1 at 11. In Plaintiff's Supplemental Answers to Defendants' Requests Nos. 21 and 22, Plaintiff admits to the request. *See* Dkt. 47 at 3 ¶ 10 ("plaintiff admit [*sic*] that in 2016 he had no medical

---

connection with Defendants' motion, the State of New York, specifically the N.Y. Attorney General, as Defendants' employer, and pursuant to state law requiring representation of Defendants, does "incur" such expenses and as such qualifies for reimbursement in whole or in part pursuant to Rule 26(g)(3). *See Abreu v. Kooi*, 2017 WL 4621283, at **7-8 (W.D.N.Y. Sep't. 12, 2017) (in prisoner § 1983 and ADA action awarding sanctions of $146.71 against *pro se* plaintiff for failure to appear at plaintiff's in-prison deposition as reimbursement for unnecessary expense of court reporter's fee incurred by N.Y. State Attorney General payable to New York State Attorney General as defendants' attorney and administratively staying action until plaintiff complies) *report and recommendation adopted,* 2017 WL 4621100 (W.D.N.Y. Oct. 113, 2017); *see also Perry v. Goord*, 2009 WL 2580324, at *12 (W.D.N.Y. Aug. 18, 2009) (recognizing court's authority to impose financial sanctions on *pro se* plaintiff for litigation misconduct payable to defendants' attorney, the New York State Attorney General, as potentially available form of sanction). Failure to impose Rule 26(g)(3) monetary sanctions against *pro se* prisoner plaintiffs in these circumstances would effectively immunize such plaintiffs from any monetary sanction pursuant to Rule 26(g)(3) contrary to the Rule's strong policy to deter misleading interrogatory answers by such plaintiffs through less than more severe sanctions such as dismissal.

permit nor did he have a regular permit for a bottom bunk").

By papers filed March 26, 2018 (Dkt. 56), Plaintiff opposed Defendants' motion to compel answers to Defendants' Requests or deem Plaintiff's responses to constitute admissions. However, in Plaintiff's opposition, Plaintiff, as Defendants point out, Dkt. 60 at 5, also amended Plaintiff's Responses to Defendants' Requests Nos. 6 and 11 to state that Plaintiff denied Defendants' Request No. 6 because of Holtzman's alleged retaliatory motive and denies Defendants' Request No. 11 because Defendant Donley allegedly falsified the results of Plaintiff's urinalysis. Dkt. 56 at 13 ¶¶ 51, 53. In Defendants' Reply, filed April 30, 2018 (Dkt. 60), Defendants accept Plaintiff's denials to Defendants' Requests Nos. 6 and 11, *see* Dkt. 60 at 5, and, accordingly, the court finds Defendants' motion directed to Defendants' Requests Nos. 6 and 11 should be DISMISSED as moot.[6] Defendants note, however, that Plaintiff continues to dispute Defendants' Request No. 18; Defendants do not further address Plaintiff's objection to Defendants' Request No. 22. Although Plaintiff, in Plaintiff's Supplemental Response to Requests Nos. 21 and 22, admitted Plaintiff's lack of a medical permit for a bottom bunk or a "regular" permit for a bottom bunk, *see* Dkt. 47 at 3 ¶ 9, in Plaintiff's opposition Plaintiff finally admits Plaintiff had no medical need and "no permit" for a bottom bunk. The court therefore finds Plaintiff has served a sufficient answer to Requests Nos. 21 and 22, and that, accordingly, Defendants' motion as to these requests should also be DISMISSED as moot. The court thus turns to the sufficiency of Plaintiff's answer to

---

[6] Defendants' basis for such acceptance as to Requests Nos. 6 and 11 is unclear as Plaintiff's assertion, Dkt. 56 ¶¶ 51, 53, that Requests Nos. 6 and 11 are objectionable because they dispute Plaintiff's allegations of Holtzman's retaliatory motive and Donley's falsification of Plaintiff's urine test results in effect constitute objections that these requests "present a genuine issue for trial," *i.e.*, whether there was such retaliation and falsification, an objection specifically prohibited by Rule 36(a)(5) ("A party must not object solely on the ground the request presents a genuine issue for trial.").

Request No. 18 addressing whether the witnesses Plaintiff requested to testify at Plaintiff's Tier III hearing had knowledge of the facts concerning Plaintiff's July 9, 2016 urine drug test.

Fed.R.Civ.P. 36(a)(1)(A) permits a party to serve a request to admit for the purposes of the action facts, the application of law to facts or an opinion concerning either. Under Rule 36(a)(4) a party served with a request to admit is required either to admit the request, specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. An answering party may also admit and deny to the request in part so long as the party specifies the part admitted and qualifies or denies the rest of the request. Rule 36(a)(4). Upon motion of the requesting party, the court shall determine the sufficiency of the answer and unless the objection is justified, shall order that an answer be served. *Id.* If the answer fails to comply with the rule, the court may order the request be deemed admitted or that an amended answer be served. *Id.* Expenses incurred by a prevailing party in connection with a motion to compel proper answers are awarded pursuant to Rule 37(a)(5). Fed.R.Civ.P. 36(a)(6).

The purpose of a Rule 36 request is to narrow the issues for trial, *see Booth Oil Site Admin. Grp. v. Safety-Kleen Corp.* 194 F.R.D. 76, 80 (W.D.N.Y. 2000) (citing authorities), not to lead to the discovery of admissible evidence as with other discovery devices provided by Federal Rules of Procedure such interrogatories, document production and disposition practice. *See Pasternak v. Kim*, 2011 WL 4552389, at *5 (S.D.N.Y. Sept. 28, 2011) (explaining requests for admissions "are not a discovery device at all . . .." (citing 8B Wright, Miller & Marcus, FEDERAL PRACTICE AND PROCEDURE, § 2253 at 324)). "Provided the demand is understandable and straightforward, calls for

relevant information, and does not violate a recognized privilege, an objection to a request to admit is improper." *Booth Oil Site Admin. Grp.* 194 F.R.D. at 80 (citing 4A Moore's Federal Practice, ¶ 36.02 (2d ed. 1982)).  A response may not be evasive by engaging in overly technical reading of the request, *see Herrera v. Scully*, 143 F.R.D. 545, 549-50 (S.D.N.Y. 1992) (an evasive denial does not comply with Rule 36(a)), and an admission may not be avoided because it "may prove decisive to the case."  *Booth Oil Site Admin. Grp.*, 194 F.R.D. at 80 (citing *Langar v. Monarch Life Ins. Co.*, 966 F.2d 786, 805 (3d Cir. 1992) (a party served with a Rule 36 request "must admit [the requested] fact even if it will gut its case and subject it to summary judgment").

Defendants' Request No. 18 requests Plaintiff admit that "none of the inmate witnesses you attempted to call during [Plaintiff's] July 13, 2016 Tier III hearing had any knowledge concerning the testing of [Plaintiff's] urine." (bracketed material added) Plaintiff responded by stating that "Plaintiff objects to this questioning [*sic*] as it indicated that his requested witnesses were irrelevant to his July 13, 2016 hearing."  Dkt. 40 at 8 ¶ 18.  In Plaintiff's Feb. 7, 2018 Letter, Plaintiff's Supplemental Response, Plaintiff further argued that at least one of Plaintiff's requested witnesses overheard unidentified officers present during Plaintiff's testing utter "disparaging remarks regarding plaintiff." Dkt. 47 at 3 ¶ 9.  Plaintiff's opposition to Defendants' motion (Dkt. 56 at 14 ¶ 55) provided further detail in support of Plaintiff's objection including that Defendant Donley made negative comments about Plaintiff on July 5, 2016, which was also overheard by one Inmate Boyd, one of Plaintiff's requested witnesses, four days before the July 9, 2016 test at issue, and that, as such, Plaintiff's request to Defendant Moffit to call such witness sought relevant information.  A plain and straightforward reading of Defendants'

Request No. 18, however, does not ask Plaintiff to defend the relevancy of Plaintiff's witness request; rather, it is directed to whether such witnesses had actual knowledge of the conduct and outcome of the test itself, *i.e.*, "concerning the testing of [Plaintiff's] urine." Plaintiff's unilateral attempt to interject the question of relevancy constitutes a purposeful and improper misreading of Request No. 18 in order to create a red herring in an improper effort to avoid directly answering Defendants' Request by allowing Plaintiff to interpose extraneous facts. As such, the Request fairly requested Plaintiff to admit or deny a simple question of fact: did any of the inmate witnesses Plaintiff sought to request Defendant Moffit to call as witnesses at Plaintiff's Tier III hear – Boyd or Hines – possess factual knowledge regarding the actual conduct and interpretation of the urine test Defendant Donley administered to Plaintiff on July 9, 2016? Plaintiff does not dispute Plaintiff has sufficient knowledge or access to documents upon which Plaintiff should be reasonably able to admit or deny this Request, and it is well-established that a party may not refuse to admit or deny a request even if such a response may seriously impair its case. *See Booth Oil Site Admin. Grp*, 194 F.R.D. at 80. Accordingly, Defendants' motion directed to Defendants' Request No. 18 is GRANTED; Plaintiff shall serve an amended answer <u>within</u> <u>14</u> <u>days</u> of this Decision and Order.

**CONCLUSION**

Based on the foregoing, Defendants' motion (Dkt. 49) is GRANTED in part, and

DISMISSED in part as moot.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:  October 18, 2018
         Buffalo, New York